B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**

Cassandra Johnson - Landry

**DEFENDANTS**

H+R Block LLC
Mortgage Electronic Systems
Option One Mortgage & PHH Mortgage Services
Ocwen Loan Services, Deutsche Bank National Trust Company

**ATTORNEYS (Firm Name, Address, and Telephone No.)**

Pro Se

**ATTORNEYS (If Known)**

Brian Jordan, Esq
Herbert Broadfoot / Attorney Ex. Trustee

**PARTY (Check One Box Only)**

☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor  ☐ Other
☐ Trustee

**PARTY (Check One Box Only)**

☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

- No Valid Contract/Breach        (Please Refer to actions under causes)
- No Valuable Consideration      (Injuctive relief page 4 of adversial action.)
- Plantiff not account Debtor
- H+R Block, Deposited as an asset unbeknwst to creditor

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☑ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☑ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation |
| | (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h) | ☑ 72-Injunctive relief – other |
| | **FRBP 7001(8) Subordination of Claim or Interest** |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | ☐ 81-Subordination of claim or interest |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | |
| | **FRBP 7001(9) Declaratory Judgment** |
| **FRBP 7001(5) – Revocation of Confirmation** | ☐ 91-Declaratory judgment |
| ☐ 51-Revocation of confirmation | |
| | **FRBP 7001(10) Determination of Removed Action** |
| **FRBP 7001(6) – Dischargeability** | ☐ 01-Determination of removed claim or cause |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | **Other** |
| ☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. |
| ☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| **(continued next column)** | |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 85,000,000 00 |

**Other Relief Sought**

Restoration of credit and, Clear title for all properties both Commercial and Personal

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR <br> Cassandra Johnson-Landry | BANKRUPTCY CASE NO. <br> 18-55 697 LRC | |
| DISTRICT IN WHICH CASE IS PENDING <br> US Northern District of GA | DIVISION OFFICE <br> Atlanta | NAME OF JUDGE <br> LRC |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF <br> Cassandra Johnson Landry | DEFENDANT <br> Department of Community Health | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING <br> US Northern District of Georgia | DIVISION OFFICE <br> Atlanta | NAME OF JUDGE <br> LRC |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) <br> Cassandra Johnson Landry | | |
| DATE <br> 5/20/19 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> Cassandra Johnson-Landry | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **CASSANDRA JOHNSON LANDRY** | ) | **Adversary Proceeding** |
| **Plaintiff** | ) | **Case No. 18-55697 LRC** |
| vs. | ) | |
| **H&R BLOCK MORTGAGE LLC.** | ) | |
| **MORTGAGE ELECTRONIC SYSTEMS** | ) | **Demand: Trial by Jury** |
| **OPTION ONE MORTGAGE** | ) | |
| **OCWEN LOAN SERVICING, LLC.** | ) | |
| **PHH MORTGAGE SERVICES** | ) | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY** | | |
| **Defendants** | | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Comes Now CASSANDRA JOHNSON- LANDRY   herein "Plaintiff", hereby files this

Adversary Complaint pursuant to Federal Bankruptcy Rules of Procedure 7001   for Injunctive

Relief and Trial by jury for the following reasons:

## JURISDICTION / VENUE

1. This is an adversary proceeding pursuant to Rule 7001 of the  Federal

   Bankruptcy Procedure.


2. This Court has jurisdiction over this proceeding pursuant to

   28  U.S.C. Section 1334.7.  This adversary proceeding constitutes a

core proceeding pursuant to 28 U.S.C. Section 1579B)(2)(F)

3. This District is the proper venue for this proceeding pursuant 28 U.S.C. Section 1409.

4. Jurisdiction is invoked by 28 U.S.C. Sect 1331 Federal Question and

U.S.C Section 1640 et seq and 28 U.S. C. Sec 1367, supplemental

jurisdiction over the state law claims. Venue is proper based due to location of controversy

## **PARTIES**

Plaintiff, **CASSANDRA JOHNSON- LANDRY** and **IVY LANDRY**, Co-Debtor are of

reasonable age and discretion, residing at 869 Natchez Valley Trace, Grayson, Georgia 30017:

1. **H&R BLOCK MORTGAGE LLC**. et al is a foreign corporation,

    Principal Office is located: 43150 Broadlands Center, Ste 122, Broadlands, VA 20148.

2. **Mortgage Electronic Registration Systems** is a foreign corporation

    Headquartered located: 1818 Library Street Suite 300 Reston, VA 20190.

3. **OPTION ONE MORTGAGE LLC**. et al is a foreign corporation,

    Principal Office is located: 945 Heather Turn Harrisburg, Oregon 97446

4. **OCWEN LOAN SERVICING LLC**.et al is a foreign corporation, whose

    Principal Office is located: 1661 Worthington Road, Suite 100

    West Palm Beach, Florida 33409

Landry, 18-55697 LRC

1

5. **PHH MORTGAGE LLC**: et al is a foreign corporation, Principal Office is located at

1 Mortgage Way, Mount Laurel, New Jersey 08054-4637

and

3000 Leadenhall Road, Mount Laurel, New Jersey 08054

6. **DEUTSCHE BANK NATIONAL TRUST COMPANY**. et al is a foreign

corporation, Principal Office:  Deutsche Bank 60 Wall Street

New York, NY, 10005.

## INTRODUCTION

The Plaintiff(s) was steered into a fraudulent loan transaction in the month of April 2004.

Cassandra and Ivy Landry assumed they were purchasing the residence located at 1440 Highland

lake Drive, Lawrenceville, Georgia 30045. The residence was previously owned by Timothy and

Karen Hester, Private Owners. At the time of purchase the home was in foreclosure with a

scheduled foreclosure date within 7 days, after the Cassandra and Ivy Landry were made aware

of the home by Timothy and Karen Hester. The Foreclosure Law firm, Hardwick and Jackson

located in Loganville, Georgia, facilitated the complete transaction. The Plaintiff provided

earnest money for property prior to closing date which was April 5, 2004 by the Law Firm of

Jackson and Hardwick, 253 Main Street, Loganville Georgia 30051. The Law Firm of Jackson

and Hardwick were NOT authorized to conduct or facilitate any loan process for H&R Block

Mortgage.  H&R Block Mortgage was not registered to do business in Georgia, during the 2004

time period, u nor did they appear to be aware of the facilitated transaction.

Landry, 18-55697 LRC

2

On April 5, 2004, Cassandra and Ivy Landry arrived at the closing. There was no representation from H and R Block Mortgage. The Attorney's, Jackson and Hardwick executed an unauthorized fraudulent security deed and note. The Plaintiffs were unaware of the Attorneys wrong doings during the closing process.  Although H&R Block was not aware of the deposit into the accounts of Jackson and Hardwick, the law firm was still able to submit promissory notes to the Federal Reserve Bank and receive several astronomical amounts of money from the Federal Reserve Window, without the Plaintiff's knowledge.

The promissory note and the security deed were signed in 2004. In 2005 Jackson and Hardwick Law Firm created another fraudulent deed under Option One Mortgage. Eventually the Attorney Nathaniel Hardwick was sentenced and voluntarily surrendered his Bar Number to the State Bar of Georgia in or around the year(s) 2018-2019.

Cassandra Johnson-Landry experienced financial difficulty causing them to file a Chapter 13 Bankruptcy on April 3, 2018. The Landry's were NOT aware the excessive fraudulent interactions until after extensive research was conducted resulting in the unveiling off fraudulent transactions, involving, both personal and commercial Real Property. Their research was triggered by numerous forms of retaliation after Cassandra Landry testified on behalf of a 5 year old client in 2015 against the state of Georgia.

Any financial transaction predicated on fraud should be canceled or discharged on the dishonorable court. Rescission in negotiation. Let the record reflect that only one attorney was prosecuted for fraud for steering the Plaintiffs into an unlawful fraudulent transaction.

Landry, 18-55697 LRC

The Plaintiffs have clear material facts to substantiate their claims and state that throughout this proceeding, the Plaintiffs repeatedly asked for Full Disclosure through the subpoena in order to ascertain and identify the true debtor in this proceeding. The Plaintiffs are entitled to pursue new discovery to obtain evidence in this case.

The Plaintiffs' request is well established by the Supreme Court that a subpoena can be obtained to get documents if it is relevant and necessary to the case. Nixon vs. US; Braswell vs. US; Corporations don't have parity or 5th Amendment protection in requesting key documents.

During this proceeding the Plaintiffs discovered that key Federal Forms that document banking transactions, were originally requested on the subpoena. Check banking laws on authorizations and lending in Georgia. When the note was deposited she was supposed to receive a receipt under 12-1813L1.

## CAUSES OF ACTION INJUNCTIVE RELIEF

1). Plaintiff has a clear legal right to seek temporary and permanent injunctive relief as Plaintiff's parents resides in the property and as Defendants are seeking, through illegal and unlawful means and without satisfying the necessary legal standing requirements of having a valid enforceable contract from the originator to initiate foreclosure action. The Plaintiff is entitled to due process pursuant to the 4th and 5th Amendment to United States Constitution.

2). An actual controversy has arisen and now exists between Plaintiff and Defendants regarding its receptive rights and duties, in that Plaintiff contends that Defendants do not have the right to initiate foreclosure proceeding on the Subject Property because Defendant's have not received

Landry, 18-55697 LRC

any valuable consideration from the originator of the alleged loan transactions to enforce any

secured interest in the subject property, rendering their actions as void and unenforceable.

3). The Plaintiff is not the Account Debtors because there is no evidence that supports the

Plaintiff' in receiving any valid contract or valuable consideration from the original Creditor to

foreclose on the above Defendant's property. The Contract was never fulfilled by the originator

which deceptively misleads the Defendants throughout the primary and secondary transaction of

an alleged mortgage transaction.

4). The Defendant, H&R Block Mortgage LLC the" Original creditor, deposited "the Note as an

asset for the Defendants, paying the entire cost of property. See O.C. G. A 11-9-102 (A) (10).

Then the originator placed the Note on the liability side for the alleged borrowers known as

Double Entry Bookkeeping to conform to GAAP Generally Accepted Accounting Principle rules

and regulations under the Securities and Exchange Act of 1933.

5). The FR 2046 would show that the Federal Reserve collects balance sheet data from  discount

window borrowers on the FR 2046 to monitor discount window borrowing. Borrowers report six

data items: total securities, federal funds sold and resale agreements, total loans (gross), total

assets, total deposits, and federal funds purchased and repurchase agreements.

Under 12 USC sec. 248, "The original creditor" is required to conduct the following:

(a) Examination of accounts and affairs of banks; publication of weekly statements; reports
of liabilities and assets of depository institutions; covered institutions

1). To examine at its discretion the accounts, books, and affairs of each Federal Reserve Bank

and of each member bank and to require such statements and reports as it may deem necessary.

Landry, 18-55697 LRC

2). The said board shall publish once each week a statement showing the condition of each Federal reserve bank and a consolidated statement for all Federal reserve banks. Such statements shall show in detail the assets and liabilities of the Federal Reserve Banks, single and combined, and shall furnish full information regarding the character of the money held as reserve

3). The amount, nature, and maturities of the paper and other investment owned or held by Federal reserve banks.

4) To require any depository institution specified in this paragraph to make, at such intervals as the Board may prescribe, such reports of its liabilities and assets as the Board may determine to be necessary or desirable to enable the Board to discharge its responsibility to monitor and control monetary and credit aggregates. Such reports shall be made:

(a) Directly to the Board in the case of member banks and in the case of other depository institutions whose reserve requirements under sections 461, 463, 464, 465, and 466 of this title exceed zero.

(b) For all other reports to the Board through the (i) Federal Deposit Insurance Corporation in the case of insured State savings associations that are insured depository institutions (as defined in section 1813 of this title), State nonmember banks, savings banks, and mutual savings banks, (ii) National Credit Union Administration Board in the case of insured credit unions, (iii) the Comptroller of the Currency in the case of any Federal savings association which is an insured depository institution (as defined in section 1813 of this title or which is a member as defined in section 1422 of this title, and (iv) such State officer or agency as the Board may designate in the case of any other type of bank, savings association, or credit union. The Board shall endeavor to

Landry, 18-55697 LRC

6

avoid the imposition of unnecessary burdens on reporting institutions and the duplication of other reporting requirements. Except as otherwise required by law, any data provided to any department, agency, or instrumentality of the United States pursuant to other reporting requirements shall be made available to the Board. The Board may classify depository institutions for the purposes of this paragraph and may impose different requirements on each such class.

5). Plaintiff further contends that the above Defendants do not have the right to initiate foreclosure proceedings because Subject Property is unencumbered, free and clear of any liens.

6). The Plaintiff's argument is supported by the attached HUD 1 Settlement Statement which verifies payment to bank seller. Rather than acting as an original lender to the defendants, the HUD 1 Statement indicates that the original creditor only and solely operated as a Money Transmitter. Under O.C.G.A 7-1-680, "Authorized Agent means a person designated by a licensee pursuant to 7-1-783 to engage in money transmission, the sale of payment instrument or issuance of payment instruments.

7). The Plaintiff's argument is supported by the  fact that the seller conveyed the attached warranty Deed for the Plaintiff's  property is free and clear, predating the Security Deed without any liens or encumbrances.  O.C.G.A 11-9-102 (A) (11) states that " Certificate of title means a certificate of title with respect to which a statute provides for the security interest in question to be indicated on the Certificate as a condition or result of a security interest over the rights of a lien creditor with respect to the collateral".

Landry, 18-55697 LRC

8). The Plaintiff's was unknowingly placed in the origination stage in an illegal, unauthorized irrevocable  Trust, circumventing the Georgia Constitution Article I Paragraph XXVI and O.C.G.A. 44-13-1, and conveying the Plaintiff's property through the Mortgage Electronic Registration Systems without providing any valuable consideration also known as "MERS".

9). A resulting trust is the creation of an implied trust by operation of law, where property is transferred to someone who pays nothing for it; and then is implied to have held the property for benefit of another person. The trust property is said to "result" back to the transferor.

10). An additional key fact is that the "Original Creditor" created a secondary transaction in which the parties operated in two distinct capacities.  The Defendants signed as "accommodation Party and the Originator signed as an "accommodated party. O.C.G.A. 11-3-419 states that

(a) If an instrument is issued for value given for the benefit of a party to the instrument known as the "accommodated party," and another party to the instrument known as the "accommodation party" signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party "for accommodation."

(b) An accommodation party may sign the instrument as maker, drawer, acceptor,

or endorser and, subject to subsection of this Code section, is obliged to pay the instrument in the capacity in which the accommodation party signs. The obligation of an accommodation party may be enforced notwithstanding any statute of frauds and whether or not the accommodation party receives consideration for the accommodation.

Landry, 18-55697 LRC

(c) A person signing an instrument is presumed to be an accommodation party and there is notice that the instrument is signed for accommodation if the signature is an anomalous indorsement or is accompanied by words indicating that the signer is acting as surety or guarantor with respect to the obligation of another party to the instrument. Except as provided in Code Section 11-3-605, the obligation of an accommodation party to pay the instrument is not affected by the fact that the person enforcing the obligation had notice when the instrument was taken by that person that the accommodation party signed the instrument for accommodation.

 (d) If the signature of a party to an instrument is accompanied by words indicating unambiguously that the party is guaranteeing collection rather than payment of the obligation of another party to the instrument, the signer is obliged to pay the amount due on the instrument to a person entitled to enforce the instrument only if:

(e) Execution of judgment against the other party has been returned unsatisfied;

(f) The other party is insolvent or in an insolvency proceeding; (iii) the other party cannot be served with process; or (iv) it is otherwise apparent that payment cannot be obtained from the other party.

11).Section 26 of the Attached Security Deed clearly states that, "this conveyance is to be construed under the existing laws of the State of Georgia  as a deed passing title, and not as a mortgage, and is intended to secure payment of all sums secured hereby." H&R Block Mortgage LLC has only brought in the Deed of Conveyance which is not a binding agreement, exists pursuant to OCGA 13-3-1 Drake v Wallace No. A02A2147 Ga. Ct. App. And pursuant to OCGA § 11-9-203 (b)(a) to OCGA 11-9-203(b)(1)

Landry, 18-55697 LRC

Another critical fact is that the deed of conveyance and Note was electronically transferred illegally to MERS Mortgage Electronic Registration Systems without the permission of the Plaintiff and without any valuable consideration into a Securitized (SPV) Special Purpose Vehicle Trust. The Form S-3 registers securities under the Securities Act of 1933 for companies that are based in the United States only. Statements of Financial Accounting - Standards No. 133, Accounting for Derivative Instruments and Hedging Activities, commonly known as FAS 133, is an accounting standard issued in June 1998 by the Financial Accounting Standards Board (FASB) that requires companies to measure all assets and liabilities on their balance sheet at "fair value".

This standard was created in Response to significant hedging losses involving derivatives years ago and the attempt to control and manage corporate hedging as risk management not earnings management.  All derivatives within the scope of FAS 133 must be recorded at fair value as an asset or liability.  A FAS 140 shows, Accounting for Transfers and Servicing of Financial Assets and Extinguishments of Liabilities. (EXHIBIT A)

12).The granting of the relief requested herein is in the public interest, as the consuming  public, including Plaintiff will continue to be harmed by the conduct of the defendants if the relief requested herein is not granted. As a result of the Defendant's actions, Plaintiff has suffered damages according to his evidence and seek injunctive relief that Defendant's actions have been willful, knowing and malicious.

13). A clear genuine material fact is supported by the required forms used by the creditors to document their financial transaction. These documents identify the creditor and the debtor and provide financial reporting to federal agencies. Under Rule 1002 of the Federal Rules of
Landry, 18-55697 LRC

Evidence, it is imperative to prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress. Additionally   Rule 1003 b) of the Federal Rules of Evidence addresses the admissibility of copies. This rule states A duplicate is admissible to the same extent as an original unless:

  (a) A genuine question is raised as to the authenticity of the original transaction/origination

           or

  (b) In the circumstances it would be unfair to admit the duplicate in lieu of the original transaction/origination

Plaintiff has suffered and continues to suffer damages in a sum, which is yet unanswered. By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum which is, as yet unanswered. WHEREFORE, Plaintiff pray for relief as set forth below.

## CONCLUSION AND PRAYER FOR RELIEF

 Plaintiff prays that the Court grant the following::

A).That the Court compel Defendants to provide validated evidence proof of loss, and the above federal forms to show of whose the creditor and whose the debtor, and  lien or any instrument that proves any claims by any secured creditor

B) To impose a temporary injunction;

C) That the Plaintiff recover his costs;

Landry, 18-55697 LRC

D) for the immediate issuance of a Permanent Injunction precluding any action regarding

Plaintiff's property or any of this disposition of the subject property;

E) To proceed with Discovery (EXHIBIT A)

F) That the Court grant the Plaintiff a trial by jury to access the various damages sought against

the Defendant

G)  The Court order all Credit Reporting Agencies to order all derogatory information pertaining

to reference Real Property, be corrected with 45 days of final ruling.

Plaintiff respectfully requests damages in the amount of $85,000,000.00 for recovery and other a

relief as determined by this Honorable Court which is deemed both just and proper.

**DATED: May 22, 2019**
**Respectfully Submitted**
**BY:**
**CASSANDRA JOHNSON- LANDRY , Pro Se**
**869 Natchez Valley Trace**
**Grayson, Georgia 30017**
**678.860.3621**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify, I **CASSANDRA JOHNSON-LANDR**Y have served on the 22nd Day of May, 2019 a copy of this Adversarial Complaint pursuant to Federal Bankruptcy Rules of Procedure 7001 for Injunctive Relief, Unfair and Deceptive Trade Practices, and Violation of RESPA, and Trial by jury by depositing copies of same in the exclusive care and custody of the United States Postal Service Via CERTIFIED MAIL, addressed to the parties listed herein below. I am also over the age of 18 years.

1. **H&R BLOCK MORTGAGE LLC.**
   **43150 Broadlands Center, Ste 122**
   **Broadlands, VA 20148**

2. **Mortgage Electronic Registration Systems**
   **1818 Library Street Suite 300**
   **Reston, VA 20190**

3. **OPTION ONE MORTGAGE LLC.**
   **945 Heather Turn**
   **Harrisburg, Oregon 97446**

4. **PHH MORTGAGE SERVICES**
   **1 Mortgage Way, Mount Laurel, New Jersey 08054-4637**
   **and**
   **3000 Leadenhall Road, Mount Laurel, New Jersey 08054**

5. **DEUTSCHE BANK NATIONAL TRUST COMPANY**
   **Deutsche Bank**
   **60 Wall Street**

Landry, 18-55697 LRC

13

New York, NY, 10005

6. **S. GREGORY HAYS, CHAPTER 7 TRUSTEE**
   **UNITED STATES NORTHERN DISTRICT BANKRUPTCY COURT**
   2964 Peachtree Road, Suite 555
   Atlanta, Georgia 30305-2153

7. **HERBERT BROADFOOT, Esq**
   Attorney for S. Gregory Hays, Chapter 7 Trustee
   2964 Peachtree Road, Suite 555
   Atlanta, Georgia 30305-2153

8. **BRIAN JORDAN, Esq.**
   Attorney for Movant
   Aldridge Pite, LLP
   Fifteen Piedmont Center
   3575 Piedmont Road, N.E, Suite 500
   Atlanta, Georgia 30305

CASSANDRA JOHNSON- LANDRY, Pro Se
869 Natchez Valley Trace
Grayson, Georgia 30017
678.860.3621

Landry, 18-55697 LRC

14

# EXHIBIT A

Landry, 18-55697 LRC

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-55697-LRC |
| CASSANDRA JOHNSON LANDRY, | CHAPTER: 13 |
| Debtor. | JUDGE LISA RITCHEY CRAIG |

CASSANDRA JOHNSON LANDRY,
        Debtor,

vs.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR HSI ASSET
SECURITIZATION CORPORATION TRUST
2006-OPT2, MORTGAGE-PASS-THROUGH
CERTIFICATES, SERIES 2006-OPT2,
        Creditor.

## DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2006-OPT2, MORTGAGE-PASS-THROUGH CERTIFICATES, SERIES 2006-OPT2'S MOTION TO QUASH SUBPOENAS TO TESTIFY AT DEPOSITIONS IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation

Trust 2006-OPT2, Mortgage-Pass-Through Certificates, Series 2006-OPT2 ("Deutsche Bank") and

its servicer, Ocwen Loan Servicing, LLC ("Ocwen") by and through their attorney, Aldridge Pite,

LLP, hereby respectfully submit its *Motion to Quash Subpoena to Produce Documents, Information,*

*or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)*

("Motion to Quash") and in support thereof shows the Court as follows:

### FACTUAL BACKGROUND

1.      On July 21, 2005, Cassandra Landry ("Debtor") and Ivy Landry ("Co-Borrower")

executed a Note in the principal sum of $285,600.00 (the "Note"). The Note reflects that it was indorsed in blank. The Note is secured by a Security Deed (the "Security Deed") on the real property located at 1440 Highland Lake Dr, Lawrenceville, Georgia 30045 (the "Property").[1] The Security Deed reflects that it was duly recorded in the Gwinnett County Real Property Records. (See Claim No. 8-1 of the Claims Register).

2.      The Security Deed was assigned to Deutsche Bank as evidenced by a Corporate Assignment of Security Deed dated March 14, 2017, and recorded in the Gwinnett County Real Estate Records ("Assignment"). (See Claim No. 8-1 of the Claims Register).

3.      On April 3, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Georgia – Atlanta Division, and was assigned case number 18-55697-LRC. (Dckt. 1).

4.      On August 15, 2018, Ocwen, by and through its counsel, received a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) ("Subpoena") from the Debtor via *priority mail*. A copy of the Subpoena is attached hereto as **Exhibit A**.

5.      The Subpoena commands Ocwen and its counsel to appear on August 17, 2018, at 9:00 AM at the office of Melissa J. Davey, Chapter 13 Trustee—260 Peachtree Street, Atlanta Georgia and (b) produce and permit inspection and copying of certain documents. *See* **Exhibit A**.

## LEGAL AUTHORITY

---

1 The Note and Deed are collectively referred to as the "Subject Loan" or "Claim."

6.     Pursuant to Rule 45 of the Federal Rules of Civil Procedure,[2] a district court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply," "(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person…"; or "(iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

7.     Courts have explained the standard for determining whether a subpoena *duces tecum* subjects a person to undue burden, as follows:

> The moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive. To determine whether a subpoena imposes an undue burden, a court must consider (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.

*United States ex rel. Willis v. SouthernCare, Inc., No. CV410-124, 2015 U.S. Dist. LEXIS 127746, at *28 (S.D. Ga. Sep. 23, 2015) citing Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir.2004) (internal quotation marks and footnotes omitted).

## ARGUMENT

## A.    THE SUBPOENA SHOULD BE QUASHED ON THE GROUND THAT IT WAS NOT PROPERLY SERVED

8.     Rule 45 requires service of a subpoena to "be made by delivering a copy thereof to [the person named therein]." Fed. R. Civ. P. 45(b)(1). The 11th Circuit has found that "a witness in a civil case must be tendered fees before service of a subpoena is complete". *Lloyd v. McKendree, 749*

---

[2] As made applicable to this case by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

*F.2d 705, 706 (11th Cir. 1985).* "Courts uniformly agree that proper service requires not only personal delivery of the subpoena, but also simultaneous tendering of the witness fee and a reasonable mileage allowance." *In re Compel Testimony of Orlando, No. 14-MC-60624-SCOLA/VALLE, 2014 U.S. Dist. LEXIS 196643, at *5 (S.D. Fla. Apr. 23, 2014) citing In re Dennis, 330 F.3d 696, 704 (5th Cir. 2003).*

9.  Pursuant to the Subpoena, Debtor commands Ocwen and its counsel to appear at the Office of the Chapter 13 Trustee to produce documents within four days of the date on the Subpoena.

10.  As a preliminary matter, Debtor failed to properly serve the Subpoena as it was served, or purported to be served, on Ocwen by mail, not personal delivery. Accordingly, Debtor's service of the Subpoena did not comply with Rule 45(b)(2)(C).

11.  The Subpoena likewise failed to comply with the witness and mileage allowance requirements of Rule 45. More specifically, the Subpoena was sent by mail with no accompanying payment for fees and mileage. For these reasons, the Subpoena should be quashed for insufficient service.

## B.  THE SUBPOENA MUST BE QUASHED BECAUSE IT FAILS TO ALLOW A REASONABLE TIME TO COMPLY

12.  The Subpoena requires Ocwen to produce documents and appear at the Office of the Chapter 13 Trustee with at most two (2) days' notice. Indeed, Wilmington received the Subpoena on August 15, 2018, and said Subpoena request compliance by August 17, 2018. This is not a reasonable amount of time because, as argued above, service of the Subpoena is defective. Some Courts have found that fourteen days to be a reasonable time to comply. *In re Rule 45 Subpoena to Fid. Nat'l Info. Servs. v. Am. Express Co., 2009 U.S. Dist. LEXIS 122142.* It follows that the

Subpoena must be quashed under Rule 45(c)(3)(A)(i) based on failure to provide reasonable time to comply.

## C. THE SUBPOENA MUST BE QUASHED BECAUSE IT SUBJECTS MOVANT TO AN UNDUE BURDEN

13. In determining whether a subpoena should be enforced, the Court is guided by not only Rule 45(c)(3)(A)(iv), which protects subpoenaed parties from "undue burden," but also Federal Rule of Civil Procedure 26, which provides, *inter alia,* that a court may limit discovery if "the discovery sought…is obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)(citing Fed. R. Civ. P. 26(b)(2)(C)). Courts "weigh the burden to the subpoenaed party against the value of the information to the servicing party" in determining whether a subpoena poses an undue burden. *Travelers Indem. Co. v. Metropolitan Life Insur. Co.,* 228 F.R.D. 111, 113 (D.Conn.2005); *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D.Cal.2005). Generally, this requires consideration of "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (quoting *United States v. IBM,* 83 F.R.D. 97, 104 (S.D.N.Y.1979)).

14. In determining whether a subpoena should be enforced, the Court the nature and scope of the information requested. *United States ex rel. Willis v. SouthernCare, Inc., No. CV410-124, 2015 U.S. Dist. LEXIS 127746 (S.D. Ga. Sep. 23, 2015) (Motion to Quash granted, in part, where a subpoena sought sensitive documents "wholly irrelevant" to the case with no showing why such documents were requested).*

15. Through the Subpoenas, Debtor is seeking multiple documents which Ocwen is unable to decipher what the Debtor is requesting and whether it would even have responsive documents or whether such documents contain privileged information. It is not clear what relevance these documents have to Debtor's bankruptcy case. Simply stated, the documents Debtor seeks have no apparent relevance to this case and Debtor does not otherwise provide information regarding his right to the requested documents.

16. Finally, the Subpoena does not describe the documents to be produced with sufficient particularity. In short, the descriptions in the Subpoena do not sufficiently apprise Ocwen of the documents Debtor seeks.

17. Given the foregoing issues, responding to the Subpoena poses an undue burden on Wilmington. As a consequence, it must be quashed pursuant to Rule 45(c)(3)(A)(iv).

## **PRAYER**

**WHEREFORE**, Wilmington respectfully requests: (i) entry of an order quashing the Subpoenas and (ii) such other and further relief as the Court deems just and proper.

Dated: August 16, 2018            Respectfully Submitted,


By: /s/ *Brian K. Jordan*
   Brian K. Jordan, GA Bar No 113008
   Attorney for Deutsche Bank National Trust
   Company, as Trustee for HSI Asset
   Securitization Corporation Trust 2006-OPT2,
   Mortgage-Pass-Through Certificates, Series
   2006-OPT2
   Aldridge Pite, LLP

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: bjordan@aldridgepite.com

MOTION TO QUASH SUBPOENA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2006-OPT2, MORTGAGE-PASS-THROUGH CERTIFICATES, SERIES 2006-OPT2'S MOTION TO QUASH SUBPOENAS TO TESTIFY AT DEPOSITIONS IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)** has been filed using the CM/ECF online filing system with the U.S. Bankruptcy Court for the Northern District of Georgia which will automatically send email notification to all counsel of record and by U.S. Mail upon the following:

<u>U.S. Mail:</u>

Cassandra Johnson Landry
869 Natchez Valley Trace
Grayson, GA 30017

Respectfully submitted this 16th day of August, 2018.

/s/ Brian K. Jordan .
Brian K. Jordan
Georgia Bar No. 113008
Fifteen Piedmont Center
3575 Piedmont Road, N.E.
Suite 500
Atlanta, GA 30305
Phone: (404) 994-7304
E-mail: bjordan@aldridgepite.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _Georgia_

In re _Camilla Johnson_
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. _18-55697 -LRC_

Chapter _13_

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Ocwen Servicing / Brian K Jordan  15 Piedmont Ctr 3575 Piedmont_
*(Name of person to whom the subpoena is directed)*  _Ctr 3575 Piedmont Road NE Suite 500 Atlanta, GA 30305_

☐ **Production:** **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: _of FR 2046 the Balance Sheet, IFL 2019, and 2089, Rule 53 Depository Statement Fas 133, Fas 140 offsetting of Financial asset and liability_

| PLACE: _Melissa Davis, Chapter 13 Trustee, Mandy Campbell_ _362 Peachtree Street, Suite 900_ _Atlanta, Georgia 30303_ | DATE AND TIME _8/17/18 @ 9:00 am_ |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|       |               |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _AUG 13 2018_

CLERK OF COURT

_Heather Dempsey_
Signature of Clerk or Deputy Clerk

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Camilla Johnson_ _(678) 860-0362_
_____, who issues or requests this subpoena, are:
_869 Flat Shoals Ave Macon GA 30017  Thlrogess@aol.com_

*Notice to the person who issues or requests this subpoena*
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

**IT IS ORDERED as set forth below:**

**Date: September 11, 2018**

_Lisa Ritchey Craig_
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBER** |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
|    Debtor. | : | |
| | : | |
| DEUTSCHE BANK NATIONAL TRUST | : | |
| COMPANY, as Trustee for HIS Asset | : | |
| Securitization Corporation Trust | : | |
| 2006-OPT2, Mortgage Pass-Through | : | |
| Certificates, Series 2006-OPT2, | : | |
| | : | |
|    Movant, | : | |
| | : | |
|    v. | : | |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
|    Respondent. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is the *Motion to Quash Subpoenas to Testify at Depositions in a*

*Bankruptcy Case (or Adversary Proceeding)* (the "Motion") (Doc. No. 53), filed by Deutsche Bank National Trust Company, as Trustee for HIS Asset Securization Corporation Trust 2006-OPT2, Mortgage-Pass-Through Certificates, Series 2006-OPT2 ("Deutsche Bank") and its servicer, Ocwen Loan Servicing, LLC ("Ocwen"). The Motion was filed on August 16, 2018, and seeks to quash a subpoena issued by the Debtor, *pro se*, which is dated August 13, 2018, and requires Ocwen and its counsel to appear at 9:00 a.m. on August 17, 2018, at the office of the Chapter 13 Trustee (the "Subpoena") and to produce certain documents. Deutsche Bank and Ocwen object to the Subpoena because: (1) the Subpoena was not served properly, as it was sent to counsel for Ocwen by priority mail, rather than by personal delivery and was not accompanied by a tender of witness fees and mileage; (2) Ocwen's counsel received the Subpoena only two days before the appearance and production deadline; (3) items to be produced are unclear; (4) some of the requested documents may be privileged; and (5) the documents requested are not relevant to the Debtor's bankruptcy case.

Debtor has not responded to the Motion. Further, it is obvious from the Court's review of the Subpoena, which is attached to the Motion, that the Subpoena must be quashed, especially considering Deutsche Bank and Ocwen's objection to the lack of

2

proper service and their contention that Ocwen's counsel did not receive the Subpoena until two days before the appearance and production deadline.

The Court concludes that the Subpoena should be quashed, pursuant to Federal Rule of Bankruptcy Procedure 9016, which incorporates Fed. R. Civ. P. 45(b)(1), 45(d)(3). Service of the Subpoena was not made in accordance with Rule 45(b)(1). The items requested in the Subpoena are nearly unintelligible, and there is no apparent connection between the documents requested and the matters pending in this bankruptcy case. The notice and response time given in the Subpoena did not constitute a "reasonable time to comply," *see Webb v. U.S. Bank, N.A.*, 2014 WL 12461040, at *2 (N.D. Ga. Dec. 16, 2014) (allowing "only four business days to comply with each subpoena was not a reasonable time"), and the documents, whatever they may be, could include privileged or other protected matter, but Deutsche Bank and Ocwen have not been given sufficient direction as to what documents are requested or sufficient time to determine whether any documents may be protected by privilege.

For the reasons stated above, the Motion to Quash is **GRANTED;**

IT IS ORDERED that the Subpoena is quashed;

IT IS FURTHER ORDERED that, should Debtor wish to obtain discovery from

3

Deutsche Bank, she may proceed in accordance with Rules 7026 and 7028-7037 of the

Federal Rules of Bankruptcy Procedure, made applicable to the contested matter initiated

by Deutsche Bank when it filed a Motion for Relief from the Automatic Stay against the

Debtor and the Chapter 13 Trustee (Doc. 38) (*see* Fed. R. Bankr. P. 9014(c)).

**END OF DOCUMENT**

## Distribution List

Brian K. Jordan
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305

Melissa J. Davey
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

Cassandra Johnson Landry (pro se)
869 Natchez Valley Trace
Grayson, GA 30017

4