# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-55697-LRC |
| | ) | |
| CASSANDRA JOHNSON LANDRY, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CASSANDRA JOHNSON LANDRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADVERSARY |
| | ) | PROCEEDING |
| H&R BLOCK MORTGAGE LLC, | ) | NO. 19-05218-LRC |
| MORTGAGE ELECTRONIC | ) | |
| SYSTEMS, OPTION ONE | ) | |
| MORTGAGE, OCWEN LOAN | ) | |
| SERVICING, LLC, | ) | |
| PHH MORTGAGE SERVICES, | ) | |
| AND DEUTSCHE BANK | ) | |
| NATIONAL TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic Registration Systems, Inc. ("MERS"), PHH Mortgage Services ("PHH"), and Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-OPT2, Mortgage-Pass-Through Certificates, Series 2006-

71754813v.2 0106987/00378

OPT2 ("Trustee" and, collectively with Ocwen, MERS, and PHH, for purposes of this Motion to Dismiss, "Defendants"), hereby file their Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint, and respectfully show the Court as follows:

## INTRODUCTION

With Trustee's Motion for Relief from the Automatic Stay pending in the main bankruptcy case (Case No. 18-55697-LRC, Doc. 38) and potentially facing foreclosure of Trustee's Security Deed, Plaintiff has filed the subject Adversary Proceeding seeking $85 million in damages, injunctive relief, costs, discovery, and a trial by jury in what appears to be nothing more than a stall tactic.[1]  Plaintiff fails to enumerate any specific claims or causes of action against any of the named defendants, and the Complaint is a shotgun pleading.  Accordingly, for the reasons more fully set forth below, the Motion to Dismiss should be granted.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff is a co-owner of residential real property located at 1440 Highland Lake Drive, Lawrenceville, Georgia 30045 (the "Property"). On July 21, 2005, Plaintiff and Ivy Landry executed a Security Deed in favor of H&R Block Mortgage Corporation ("H&R Block"), conveying the Property as security for a

---

[1] (Doc. 1, pp. 14-15.)

2

promissory note, which Security Deed was recorded on July 28, 2005, in Deed Book 43727, Page 60, Gwinnett County, Georgia, official records. A true and correct copy of the Security Deed is attached hereto as **Exhibit 1**.[2] On October 22, 2005, H&R Block executed an assignment of the Security Deed (the "First Assignment") to Option One Mortgage Corporation ("Option One"), which assignment was recorded on November 28, 2005, at Deed Book 45410, Page 158, Gwinnett County, Georgia, official records. A true and correct copy of the First Assignment is attached hereto as **Exhibit 2**. On March 14, 2017, Option One n/k/a Sand Canyon Corporation executed an assignment of the Security Deed (the "Second Assignment" and, together with the First Assignment, the "Assignments") to Trustee, which assignment was recorded on April 24, 2017, at Deed Book 55069, Page 842, Gwinnett County, Georgia, official records. A true and correct copy of the Second Assignment is attached hereto as **Exhibit 3**.

On April 3, 2018, Plaintiff filed in this Court a voluntary petition under Chapter 13 of the Bankruptcy Code. (Case No. 18-55697-LRC, Doc. 1.) On July 18, 2018, Trustee filed its Motion for Relief from the Automatic Stay as to the

---

[2] The Security Deed and Assignments are central to Plaintiff's claims. The Court may consider these documents on a motion to dismiss. *See Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F. 3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

3

Property and the Security Deed. (Case No. 18-55697-LRC, Doc. 38.) That Motion remains pending. On August 15, 2018, Ocwen, through its bankruptcy counsel, received a subpoena demanding production of certain documents related to the Security Deed and the Property. (Doc. 53.) Ocwen's Motion to Quash the subpoena was granted (Doc. 69), but Plaintiff appealed this Court's decision to the District Court on November 2, 2018. (Doc. 99.) The District Court twice denied Plaintiff's motion to proceed *in forma pauperis* and recently issued a briefing schedule on June 10, 2019. (U.S. District Court, Northern District of Georgia, Case No. 1:18-cv-05095-SCJ, Docs. 6, 9, 14.)

While the appeal of the decision to quash her subpoena to Ocwen was pending, Plaintiff filed the instant adversary proceeding. She enumerates no specific claims against any of the named defendants. Rather, her Complaint is a broad complication of grievances concerning the mortgage industry generally culminating in the erroneous conclusion that her own mortgage transaction from 2004/2005 was improper. Plaintiff seeks $85 million in damages, injunctive relief, costs, discovery, and a trial by jury. Her allegations are meritless and fail as a matter of law. Accordingly, for the following reasons, the adversary proceeding should be dismissed.

4

71754813v.2 0106987/00378

# ARGUMENT AND AUTHORITIES

## I. Plaintiff's Complaint is a shotgun pleading.

This action should be dismissed as a shotgun pleading. Rule 8, made applicable herein by FED. R. BANKR. P. 7008, requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. To properly comply with Rule 8, a plaintiff is required to demonstrate a valid basis of each cause of action brought, setting forth " 'enough factual matter (taken as true) to suggest' [each] required element." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). In contrast, the typical shotgun complaint contains "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (affirming dismissal of shotgun complaint). In reviewing a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *In re Blackman*, 16-70629-PMB, 2017 WL 6033418, at *4 (Bankr. N.D. Ga. Dec. 5, 2017) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

5

Here, Plaintiff has filed a classic "shotgun pleading" against the defendants. The Complaint contains a laundry list of vague and conclusory allegations, in which Plaintiff generally alleges wrongdoing by various non-parties (*E.g.*, Doc. 1, Compl., pp. 2-4). Plaintiff also alleges a conspiracy (Doc. 1, Compl., p. 3) and other non-sense to which Defendants are being compelled to respond, including several pages of the Complaint devoted to purported "Federal Reserve Bank" regulations. (*E.g.*, Doc. 1, Compl., pp. 3, 5-7.) She enumerates no specific claims or causes of action, but purportedly seeks $85 million in damages. (Doc. 1, p. 12.)

The Complaint is precisely "the type of 'unadorned, the-defendant-unlawfully-harmed-me accusation' and 'naked assertion [ ] devoid of further factual enhancement' condemned by the Supreme Court." *Kynes v. PNC Mortg.*, No. 1:12-CV-4477-TWT, 2013 WL 4718294, at *15 (N.D. Ga. Aug. 30, 2013). Although it is true that a *pro se* plaintiff is generally afforded some leniency, "courts may not act as *de facto* counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.' " *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Ultimately, Plaintiff fails to set forth any decipherable claims, much less provide a clear statement with "precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Danow v. Borack*, 197 F. App'x. 853, 855 (11th Cir. 2006).

6

Because Plaintiff has offered no factual basis whatsoever in support of her purported claims, this action must be dismissed. *Giscombe v. ABN Amro Mortg. Grp., Inc.*, 680 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (dismissing foreclosure complaint where plaintiff "failed to distinguish completely among Defendants, to clarify which allegations correspond to each cause of action, and to remove superfluous allegations").

## II. Legal Standard Applicable to Motion to Dismiss.

If the Court chooses not to dismiss the Complaint as a shotgun pleading, Federal Rule of Civil Procedure 12(b)(6) (which is applicable in this Court pursuant to FED. R. BANKR. P. 7012) authorizes dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief

7

above the speculative level." *Twombly*, 550 U.S. at 545. Dismissal is proper under Rule 12(b)(6) if a complaint fails to assert a cognizable legal theory or if the facts asserted are insufficient to support relief under a cognizable legal theory. *Id.*; *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *Morrison v. Bank of Am., N.A.*, No. 1:13–cv–1052–WSD, 2013 WL 6587657, at *2 (N.D. Ga. Dec. 16, 2013).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F. 3d 949, 959 (11th Cir. 2009); *see also Maxcess,* 433 F. 3d at 1340 ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.")

### III. Plaintiff States No Claims Against Defendants.

The Complaint enumerates no causes of action, except to advise she wants "INJUNCTIVE RELIEF," presumably to stop "foreclosure action." (Doc. 1, p. 4.) Most of the allegations seem to concern the original lender, H&R Block (e.g., Doc. 1, p. 5), and the origination of the Loan that occurred in 2004. In any case, Plaintiff provides no reasons why, if its Motion for Relief is granted, Trustee may

8

not foreclose. Nor does Plaintiff assert any viable claims that would allow her to obtain any injunctive relief or other type of relief.

Even if Plaintiff's demand for injunctive relief could be considered a claim, it fails as a matter of law for multiple reasons. First, Plaintiff has not tendered the amount due and owing on the subject loan. Georgia courts have consistently held that if a plaintiff seeks any kind of equitable or declaratory relief, including with respect to a pending or past foreclosure sale, a tender must be made. *See, e.g., Peterson v. Merscorp Holdings, Inc.*, 1:12-CV-00014-JEC, 2012 WL 3961211, at *8 n.3 (N.D. Ga. Sept. 10, 2012) ("[A] debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan."); *Cummings v. Mortgage Elec. Registration Sys., Inc.*, 1:13-CV-3302-TWT, 2014 WL 3767797,*4 (N.D. Ga. July 30, 2014) (citing *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 583 S.E.2d 844, 850 (Ga. 2003)); *Hill v. Filsoof*, 618 S.E.2d 12, 14 (Ga. 2005). Plaintiff has not alleged that she tendered all amounts due and owing. In fact, Plaintiff has admitted she filed bankruptcy because of "financial difficulty." (Doc. 1, p. 6.) Thus, any claim for injunctive relief should be dismissed.

9

Additionally, Plaintiff has not met any of the requirements for obtaining injunctive relief to stop a foreclosure sale. A court "may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006). Here, Plaintiff does not have a likelihood of success on the merits. Plaintiff enumerates no specific causes of action and alleges no wrongdoing by Trustee, MERS, Ocwen, or PHH.[3] Moreover, while Plaintiff seeks to enjoin foreclosure of the Property, she "provides no factual allegations . . . in her Complaint . . . showing that a foreclosure sale is imminent." *Hinton v. Bank of Am. N.A.*, 1:14-CV-2183-JEC-LTW, 2014 WL 12576796, at *2 (N.D. Ga. July 14, 2014), *report and recommendation adopted*, 1:14-CV-02183-ELR, 2014 WL 12599792 (N.D. Ga. Dec. 15, 2014). Plaintiff also fails to show that "irreparable injury would occur without the requested injunctive relief." *Id.* Finally, an

---

[3] Of these four defendants, Plaintiff mentions only MERS by name in her pleading. (Doc. 1, p. 11.) Plaintiff alleges the Property was conveyed "through" MERS "without providing any valuable consideration." (Doc. 1, p. 8.) Even a cursory review of the Security Deed and Assignments, though, shows that **MERS is not even mentioned in any of these documents.** (Ex. 1-3.) MERS should be dismissed for this additional reason.

10

injunction would not serve the public interest because foreclosure is a remedy expressly permitted by by the subject loan documents and Plaintiff admits that she has "experienced financial difficulty causing" her to file for bankruptcy protection in 2018. (Doc. 1, p. 6.) For all of these reasons, no injunctive relief should issue in Plaintiff's favor.

While Plaintiff enumerates no specific causes of action, Plaintiff does seem to allege that she is entitled to some kind of relief under the Georgia Uniform Commercial Code. (Doc. 1, pp. 7-9.) She is wrong. It is well-established law that Georgia's Uniform Commercial Code does not apply to transactions involving real property. *See* O.C.G.A. § 11–9–109(d)(11) (advising that Article 9 generally does not apply to creation or transfer of an interest in or lien on real property); *You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 431-33 (Ga. 2013) (advising a security deed is not governed by Georgia's UCC); *B & W Pipeline, Inc. v. Newton Cnty. Bank*, 353 S.E.2d 829, 831 (Ga. Ct. App. 1987) (noting UCC does not apply to transactions involving realty); *Park Ave. Bank v. Bassford*, 205 S.E.2d 861, 864 (Ga. 1974) ("a 'security interest' means an interest in personal property or fixtures which secures payment or performance of an obligation. Under the [UCC] a secured party cannot have a 'security interest' in realty.") (Gunter, J., concurring specially). *See also Smith v. Select Portfolio Servicing, Inc.*, 1:15-CV-1040-RWS-

11

CMS, 2015 WL 11622475, at *3 (N.D. Ga. Oct. 26, 2015), *report and recommendation adopted*, 1:15-CV-1040-RWS, 2015 WL 11622474 (N.D. Ga. Nov. 24, 2015) (dismissing claim brought under the UCC).

Plaintiff also conclusorily alleges that the Property "is unencumbered, free and clear of any liens" and therefore "Defendants do not have the right to initiate foreclosure proceedings . . . ." (Doc. 1, p. 7.) The record chain of title, though, belies any such argument. The documents attached as Exhibits 1, 2 and 3 establish that Trustee has the right to initiate foreclosure proceedings under the terms of the subject loan documents. For all of these reasons, Plaintiff states no claim against Defendants, and the Adversary Proceeding should be dismissed with prejudice.[4]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss this case with prejudice.

---

[4] The Court should deny Plaintiff's request for discovery. As noted, *supra*, Plaintiff has filed an appeal of this Court's decision quashing her subpoena to Trustee. That appeal is ongoing. Defendants are filing contemporaneously herewith a Motion to Stay all Pre-Trial Deadlines, including discovery, in light of the pending of the Motion to Dismiss.

Dated: July 23, 2019.

### LOCKE LORD LLP

*/s/ John Michael Kearns*
Elizabeth J. Campbell
Georgia Bar No. 349249
Email: *ecampbell@lockelord.com*
John Michael Kearns
Georgia Bar No. 142438
*Email: john.kearns@lockelord.com*
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305
(404) 870-4600
(404) 872-5547 (fax)

*Attorneys for Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., PHH Mortgage Services, and Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-OPT2, Mortgage-Pass-Through Certificates, Series 2006-OPT2*

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2019, the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** was filed with the Court using the CM/ECF system, which will automatically send notice of its filing to the following attorney of record:

Gary J. Toman
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL LLC
3344 Peachtree Rd. NE, Suite 2400
Atlanta, GA  30326
gtoman@wwhgd.com

I further certify that on July 23, 2019, I served a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** via First Class U.S. Mail to:

Cassandra Johnson Landry
869 Natchez Valley Trace
Grayson, GA 30017
*Pro Se Plaintiff*

/s/ John Michael Kearns
John Michael Kearns
Georgia Bar No. 142438

*One of the Attorneys for Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., PHH Mortgage Services, and Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-OPT2, Mortgage-Pass-Through Certificates, Series 2006-OPT2*

71754813v.2 0106987/00378