**IT IS ORDERED as set forth below:**

**Date: November 15, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | BANKRUPTCY CASE |
| | : | 18-55697-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | ADVERSARY PROCEEDING |
| | : | NO. 19-5218-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| H&R BLOCK MORTGAGE LLC, | : | |
| MORTGAGE ELECTRONIC SYSTEMS, | : | |
| OPTION ONE MORTGAGE, OCWEN LOAN | : | |
| SERVICING, LLC, PHH MORTGAGE | : | |
| SERVICES, DEUTSCHE BANK NATIONAL | : | |
| TRUST COMPANY | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

# ORDER

Before the Court is the motion to dismiss (the "Motion") filed by defendants

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic

1

Registration Systems, Inc. ("MERS"), PHH Mortgage Services ("PHH"), and Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-OPT2, Mortgage-Pass-Through Certificates, Series 2006-OPT2 ("Deutsche Bank," and collectively with Ocwen, MERS, and PHH, the "Defendants") (Doc. 16). The Motion seeks dismissal of a complaint (the "Complaint") filed by Cassandra Johnson Landry ("Plaintiff") against the Defendants because it is an improper "shotgun pleading" and, alternatively, for failure to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure. As Plaintiff has failed to respond to the Motion, the Motion is deemed unopposed. *See* BLR 7007-1(c).

## I.   **Procedural History and Facts**

On April 3, 2018, Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code (Case Number 18-55697-LRC the "Bankruptcy Case").[1] Plaintiff voluntarily converted the Bankruptcy Case to Chapter 7 on September 13, 2018. Bankruptcy Case, Doc. 72. On February 15, 2019, S. Gregory Hays ("Trustee"), the trustee of Plaintiff's bankruptcy estate, filed a notice of

---

[1] The Court takes "judicial notice of the dockets and the content of the documents filed in the case[s] for the purpose of ascertaining the timing and status of events in the case[s] and facts not reasonably in dispute" and may do so without converting this motion to dismiss into a motion for summary judgment. *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, No. 13–20039–TLM, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own dockets."); *Thomas v. Alcon Labs.*, 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).

abandonment (the "Notice") with regard to real property known as 1440 Highland Lake Drive, Lawrenceville, GA 30045 (the "Property"). No objections were filed to the Notice.

Plaintiff filed the Complaint on May 22, 2019. Thereafter, the Defendants filed the Motion, seeking dismissal of the Complaint because it is an improper "shotgun pleading" and, alternatively, for failure to state a claim.

Liberally construed, the Complaint alleges that, in April 2004, Plaintiff and her husband, Ivy Landry, purchased the Property from Timothy and Karen Hester. At the time Plaintiff purchased the Property, the Property was scheduled for foreclosure within the next seven days. The closing occurred on April 5, 2004, and a promissory note and security deed were signed. The law firm of Hardwick and Jackson (the "Law Firm") "facilitated the complete transaction," but the Law Firm had not been "authorized to conduct or facilitate any loan process for [the lender, Ada]." The Law Firm executed an unauthorized security deed and note. Ada did not have any representation at the closing. Prior to closing, Plaintiff provided the Law Firm with earnest money, but Ada was unaware of the deposit into the Law Firm's account. In 2005, the Law Firm created a deed under "Option One Mortgage" [n/k/a Sand Canyon]. Plaintiff was unaware of the Law Firm's wrongdoings during the closing process and did not become aware of the alleged fraud until she conducted extensive research because she and her husband suffered

3

financial difficulties. In or around 2018-2019, Attorney Nathaniel Hardwick of the Law Firm was "sentenced and voluntarily surrendered" his Georgia law license.

In the Complaint, Plaintiff seeks temporary and permanent injunctions against disposition of the Property on the basis that the security deeds against the Property are fraudulent, damages to be proven at a jury trial in the amount of $85 million, and an order requiring all credit reporting agencies to correct all derogatory information regarding the Property.

## II. **Conclusions of Law**

The Court is required to examine its subject matter jurisdiction at the earliest opportunity. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008). In doing so, the Court may consider "materials outside of the pleadings to resolve any jurisdictional disputes, but cannot rely on conclusory or hearsay evidence." *In re General Media, Inc.*, 335 B.R. 66, 72 (Bankr. S.D.N.Y. 2005). Plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. *See id*. (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), this Court may exercise "jurisdiction in three categories of civil proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.'" *In re Happy Hocker Pawn Shop, Inc.*, 212 F. App'x 811 (11th Cir. 2006). None of the relief sought by Plaintiff implicate matters that arise under

4

the Bankruptcy Code or matters that arise in cases under the Bankruptcy Code. They are not causes of action created by the Bankruptcy Code and they can exist outside of the bankruptcy context. Accordingly, this Court lacks jurisdiction over Plaintiff's claims unless they are "related to" the Bankruptcy Case.

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). "'Related to' jurisdiction 'is not so broad as to encompass litigation of claims arising under state law or non bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy.'" *In re Harlan*, 402 B.R. 703, 711 (Bankr. W.D. Va. 2009) (quoting *Gates v. Didonato (In re Gates)*, 2004 WL 3237345, at *2 (Bankr. E.D. Va. 2004).

Having considered the Complaint and the facts concerning the Bankruptcy Case, the Court concludes that the injunctive relief sought in the Complaint is not

5

'related to' the Bankruptcy Case. The Bankruptcy Case is a liquidation, rather than a reorganization. As the Trustee has abandoned the Property, the bankruptcy estate has no interest in the Property or in whether any party disposes of the Property. Neither will the bankruptcy estate be impacted in any way if Defendants are ordered to correct any credit reporting made with regard to the Property. *See, e.g., In re Maxwell*, 2012 WL 3678609, *8 (Bankr. N.D. Ga. Aug. 2, 2012) (Mullins, J.) (holding that a complaint to determine the validity of the mortgage creditor's lien on property that has been abandoned by the Chapter 7 trustee is also not a "related to" matter because there is "simply no nexus between" the complaint and the related bankruptcy case); *In re Skillings*, 2012 WL 7009704, at *2 (Bankr. N.D. Ga. Nov. 6, 2012) (Diehl, J.) (dismissing complaint for lack of subject matter jurisdiction because the claims were "based on state law and nonbankruptcy federal law, and the Property to which all of the claims relate[d] [was] not property of the bankruptcy estate"). Accordingly, the Court lacks subject matter jurisdiction over those claims, and they must be dismissed, pursuant to Rule 7012(b).

    As to the claim for damages, the Trustee has not expressly abandoned any causes of action and continues to investigate other assets. Accordingly, any claim for damages arising from Defendants' prepetition conduct remains property of Plaintiff's bankruptcy estate. *See* 11 U.S.C. § 541(a). Resolution of such claim in

6

Plaintiff's favor would impact the bankruptcy estate and, therefore, the Court has "related to" subject matter jurisdiction over the damages claim.

That being said, Plaintiff is not the real party in interest to bring the claim, as Trustee is the proper party to sue and be sued. *See* 11 U.S.C. § 323(b). "When a third party tries to assert an action still vested in the trustee, the court should dismiss the action." *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (citing *Pierson & Gaylan v. Creel & Atwood (In re Consolidated Bancshares, Inc.)*, 785 F.2d 1249, 1253–54 (5th Cir. 1986); *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131–32 (2d Cir. 1984)). Rule 17(a)(3) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7017, provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). For this reason, the Court will not dismiss the damages claim without allowing Trustee an opportunity to ratify, join, or be substituted.

### III.  Conclusion

For the reasons stated above, the Court concludes that the Court lacks subject matter jurisdiction over Plaintiff's requests for injunctive relief and that

Plaintiff is not the real party in interest with regard to the damages claim. Therefore,

IT IS ORDERED that the portions of the Complaint seeking injunctive relief are DISMISSED for lack of subject matter jurisdiction;

IT IS FURTHER ORDERED that the Trustee shall have fourteen (14) days within which to seek to ratify, join, or be substituted into the remaining portion of the Complaint;

IT IS FURTHER ORDERED that, if Trustee fails to take such action within the time allowed, the Court will dismiss the remainder the Complaint without further notice or hearing.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Elizabeth Campbell
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, GA 30305

John Michael Kearns
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305

Cassandra Johnson Landry
869 Natchez Valley Trace

Grayson, GA 30017

Herbert C. Broadfoot, II
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305